**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION No: 07-02252** |
| **CGT LAW GROUP INTERNATIONAL LLP,** | § | |
| **MAURICIO CELIS, T. CHRISTOPHER** | § | |
| **PINEDO, DOUGLAS RAY GWYTHER, RAUL** | § | |
| **TAPIA, JAMES H. HADA, and THOMAS** | § | |
| **GUAJARDO,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**</u>

Defendants CGT Law Group International LLP, Mauricio Celis, T. Christopher Pinedo,

Douglas Ray Gwyther, Raul Tapia, James H. Hada, and Thomas Guajardo (collectively

"Answering Defendants"), through undersigned counsel, hereby respectfully submit their Answer,

Affirmative Defenses, and Counterclaims to the Plaintiff's Original Complaint ("Complaint") in this

action, and state as follows:

**I.
PARTIES**

1.    Plaintiff, Evanston Insurance Company ("Evanston") is an insurance
company incorporated under the laws of the State of Illinois with its principal place of
business at Ten Parkway North, Deerfield, Illinois 60015.

<u>ANSWER</u>:    Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 1.

2.    Defendant, CGT Law Group International LLP ("CGT"), is a limited liability
partnership organized under the law of the District of Columbia with its principal place of
business at 101 Constitution Avenue NW, Suite 900, Washington D.C.

<u>ANSWER</u>:    Answering Defendants admit the allegations in Paragraph 2 of the Complaint.

3.    Defendant Mauricio Celis, is a Texas resident, and may be served with process at 500 North Water Street, 8th Floor, South Tower, Corpus Christi, Texas 78471.

ANSWER:    Answering Defendants admit that Defendant Mauricio Celis is a Texas resident. The remaining allegations in Paragraph 3 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 3 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

4.    Defendant, T. Christopher Pinedo, is a Texas resident, and may be served with process at 500 North Water Street, 8th Floor, South Tower, Corpus Christi, Texas 78471.

ANSWER:    Answering Defendants admit that Defendant T. Christopher Pinedo is a Texas resident. The remaining allegations in Paragraph 4 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 4 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

5.    Defendant, Douglas Ray Gwyther, is a Texas resident, and may be served with process at 500 North Water Street, 8th Floor, South Tower, Corpus Christi, Texas 78471.

ANSWER:    Answering Defendants admit that Defendant Douglas Ray Gwyther is a Texas resident. The remaining allegations in Paragraph 5 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 5 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

6.    Defendant, Raul Tapia is a District of Columbia resident, and may be served with process at 101 Constitution Avenue NW, Suite 900, Washington D.C.

2

ANSWER:    Answering Defendants admit that Raul Tapia is a District of Columbia resident. The remaining allegations in Paragraph 6 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 6 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

7.    Defendant, James H. Hada is a Texas resident, and may be served with process at 500 North Water Street, 8th Floor, South Tower, Corpus Christi, Texas 78471.

ANSWER:    Answering Defendants admit that Defendant James H. Hada is a Texas resident. The remaining allegations in Paragraph 7 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 7 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

8.    Defendant, Thomas Guajardo is an Arizona resident, and may be served with process at 1001 North Central Avenue, No. 600, Phoenix, Arizona 85004.

ANSWER:    Answering Defendants admit that Thomas Guajardo is an Arizona resident. The remaining allegations in Paragraph 8 of the Complaint are allegations of law that require no response.   To the extent that the remaining allegations in Paragraph 8 of the Complaint are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

## II.
## JURISDICTION AND VENUE

9.    The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Evanston and Defendants are citizens of different States, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

ANSWER:    The allegations in Paragraph 9 of the Complaint are allegations of law that require no response.  To the extent that Paragraph 9 of the Complaint is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

10.    This Court has personal jurisdiction over CGT pursuant to D.C. Code § 13-422 because CGT is incorporated and maintains its principal place of business in the District of Columbia.

ANSWER:    The allegations in Paragraph 10 of the Complaint are allegations of law that require no response.  To the extent that Paragraph 10 of the Complaint is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

11.    This Court has personal jurisdiction over Defendants Mauricio Celis, T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia, James H. Hada, and Thomas Guajardo because Evanston's claims arise out of business transacted by them in the District of Columbia.

ANSWER:    The allegations in Paragraph 11 of the Complaint are allegations of law that require no response.  To the extent that Paragraph 11 of the Complaint is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

12.    Venue is proper under 28 U.S.C. § 1391.  A substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

ANSWER:    The allegations in Paragraph 12 of the Complaint are allegations of law that require no response.  To the extent that Paragraph 12 of the Complaint is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

## III.
## NATURE OF THE CASE

13.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure.  Additionally, Evanston also seeks monetary damages in this action.

ANSWER:    The allegations in Paragraph 13 of the Complaint are allegations of law that require no response.  To the extent that Paragraph 13 of the Complaint is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

14.    Evanston issued two Professional Liability Insurance Policies to CGT (the "Policies") [Exhibits 2 and 4].  Defendant CGT is the named insured under the Policies; Defendant Celis is CGT's principal partner and only "capital" partner; and the other individual Defendants are or were partners or employees of CGT.

ANSWER:    Answering Defendants respectfully refer the Court to two Professional Liability Insurance Policies issued by Plaintiff Evanston to CGT (the "Policies") [Exhibits 2 and 4], complete versions of which speak for themselves, and deny any allegations contained in Paragraph 47 inconsistent with the Policies.

15.    CGT has tendered three lawsuits filed against it in Texas State courts to Evanston for a defense under the Policies.  Evanston is currently defending CGT and the individual defendants under the Policies in the three lawsuits that have been tendered to Evanston.  A fourth lawsuit was also filed against CGT and Defendant Celis, which lawsuit has not been tendered to Evanston for a defense.

ANSWER:    Answering Defendants admit the allegations in Paragraph 15 of the Complaint.

16.    Evanston seeks to rescind both Policies it issued to CGT, because those Policies were obtained through material misrepresentations in that CGT falsely represented in the application forms for both Policies that Defendant Celis, CGT's principal partner with absolute and financial control over CGT, was a lawyer and admitted to practice in Mexico [Exhibits 1 and 3].  In the alternative, Evanston seeks a judicial determination of its rights and obligations under the Policies with respect to the three lawsuits tendered for coverage and the fourth lawsuit not tendered to Evanston by CGT.  Evanston also asks the Court to order the Defendants to reimburse Evanston for any costs and expenses incurred by Evanston with respect to the defense of any of the Defendants.

ANSWER:    Answering Defendants admit that Plaintiff Evanston seeks to rescind the insurance policies it issued to CGT, but deny the remaining allegations in the first sentence of Paragraph 16.  The remaining allegations in Paragraph 16 of the Complaint are allegations of law that require no response.  To the extent that the allegations of Paragraph 16 of the Complaint

are construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

## IV.
## BACKGROUND FACTS

17.    CGT, organized under the laws of the District of Columbia, was formed on November 1, 2005 with the purpose to engage in the practice of law.  Defendant Celis is CGT's principal partner and only "capital" partner with absolute and financial control over CGT.  CGT's website referred to Mr. Celis as an "attorney at law," and further stated that he is a "licensed attorney in Mexico."  *See* Exhibits 10 and 11.

ANSWER:    Answering Defendants admit the allegations in the first sentence of

Paragraph 17 of the Complaint.  Answering Defendants deny the allegations in the second

sentence of Paragraph 17 of the Complaint.  Exhibits 10 and 11 and CGT's website speak for

themselves, and Answering Defendants deny any allegations contained in Paragraph 17

inconsistent with Exhibits 10 and 11 and CGT's website.

18.    During December 2005, CGT submitted a policy application to Evanston, in which application CGT represented that Mr. Celis is a lawyer and had been practicing full time as a lawyer for six years.  *See 2005 Policy Application* hereto attached as Exhibit 1. Based on these representations, Evanston issued a Lawyers Professional Liability Insurance Policy to CGT effective December 7, 2005 to December 7, 2006 (the "2005-06 Policy"). *See 2005-06 Policy* hereto attached as Exhibit 2.

ANSWER:    Answering Defendants respectfully refer the Court to the 2005 Policy

Application [Exhibit 1] and 2005-06 Policy [Exhibit 2], complete versions of which speak

for themselves, and deny any allegations contained in Paragraph 18 inconsistent with the 2005

Policy Application and 2005-06 Policy.

19.    During October 2006, CGT submitted another policy application to Evanston, in which application CGT represented that Mr. Celis is a lawyer and had been practicing full time as a lawyer for seven years.  *See 2006 Policy Application* hereto attached as Exhibit 3.  Based on these representations, Evanston issued a Lawyers Professional Liability Insurance Policy to CGT effective December 7, 2006 to December 7, 2007 (the "2006-07 Policy"). *See 2006-07 Policy* hereto attached as Exhibit 4.

ANSWER:    Answering Defendants respectfully refer the Court to the 2006 Policy

Application [Exhibit 3] and 2006-07 Policy [Exhibit 4], complete versions of which speak

for themselves, and deny any allegations contained in Paragraph 19 inconsistent with the 2006

Policy Application and 2006-07 Policy.

20.    During November 2006, a lawsuit was filed in a Texas State Court against
Defendants CGT, Celis, and Pinedo styled as *Cause No: 6,349; Gonzales & Associates
et. .al.; v. Chris Pinedo et al.;* in the 49th Judicial District Court of Zapata County, Texas
(the "Gonzales lawsuit").  *See Third Amended Petition* attached as Exhibit 5.  In the Third
Amended Petition filed on May 30, 2007, the plaintiffs in the *Gonzales* lawsuit allege that
CGT is a sham corporation, and that CGT, Celis, and Pinedo engaged in the unauthorized
practice of law.  Evanston is currently defending Defendants CGT, Celis, and Pinedo under
the 2005-06 Policy in the *Gonzales* lawsuit.

ANSWER:    Answering Defendants admit that Evanston is currently defending

Defendants CGT, Celis, and Pinedo under the 2005-06 Policy in the *Gonzales* lawsuit.

Answering Defendants respectfully refer the Court to the Third Amended Petition [Exhibit 5],

a complete version of which speaks for itself, and deny any allegations contained in Paragraph

20 inconsistent with the Third Amended Petition.

21.    During October 2007, a second lawsuit was filed in a Texas State Court
against Defendants CGT, Celis, Pinedo, Gwyther, and Tapia styled as *Cause No: 07-
62218-1; Paloma Steele v. CGT Law Group et al.;* in the County Court of Nueces County,
Texas (the "Steele lawsuit").  *See Plaintiff's Original Petition* attached as Exhibit 6.  The
plaintiffs in the *Steele* lawsuit allege that Mr. Celis is not a lawyer and that the Defendants
are engaged in the unauthorized practice of law.  Evanston is currently defending
Defendants CGT, Celis, Pinedo, Gwyther, and Tapia under the 2006-07 Policy in the
*Steele* lawsuit.

ANSWER:    Answering Defendants admit that Evanston is currently defending

Defendants CGT, Celis, Pinedo, Gwyther, and Tapia under the 2006-07 Policy in the

*Steele* lawsuit.    Answering Defendants respectfully refer the Court to Plaintiff's Original

Petition [Exhibit 6], a complete version of which speaks for itself, and deny any allegations

contained in Paragraph 21 inconsistent with the Plaintiff's Original Petition.

22.    On November 29, 2007 a third lawsuit was filed in a Texas State court against Defendants CGT, Celis, Gwyther, Pinedo, Hada, and Guajardo styled as *Unauthorized Practice of Law Committee v. Mauricio Celis et al.*; in the District Court of Nueces County, Texas (the "UPL" lawsuit).  *See Plaintiffs Original Petition* attached as Exhibit 7.  The *UPLC* lawsuit alleges that Mr. Celis is not a lawyer, and that CGT is an illegal partnership which was formed for an illegal purpose – the unauthorized practice of law.  The lawsuit further alleges that CGT and the individual defendants named in the lawsuit engaged in the unauthorized practice of law.

ANSWER:    Answering Defendants respectfully refer the Court to Plaintiff's Original Petition [Exhibit 7], a complete version of which speaks for itself, and deny any allegations contained in Paragraph 22 inconsistent with the Plaintiff's Original Petition.

23.    On October 24, 2007, a fourth lawsuit was filed in a Texas State court by the Texas Attorney General against Defendants CGT and Celis in a Texas State court styled as *The State of Texas v. CGT Law Group International LLP et al.,* in the 419th District Court of Travis County, Texas (the "AG" lawsuit).  *See Plaintiffs Original Petition and Plaintiff's First Amended Emergency Motion for Temporary Restraining Order* and related documents attached as Exhibit 8.  That lawsuit alleges that CGT and Mr. Celis have engaged in the illegal and unauthorized practice of law, and that CGT has permitted a "non lawyer" – Mr. Celis – to share in legal fees and referral fees paid to CGT.  That lawsuit has not been tendered to Evanston for a defense.

ANSWER:    Answering Defendants admit that CGT has not tendered the AG lawsuit to Evanston for a defense.  Answering Defendants respectfully refer the Court to Plaintiff's Original Petition and Plaintiff's First Amended Emergency Motion for Temporary Restraining Order and related documents [Exhibit 8], complete versions of which speak for themselves, and deny any allegations contained in Paragraph 23 inconsistent with the Plaintiff's Original Petition and Plaintiff's First Amended Emergency Motion for Temporary Restraining Order.

24.    During a court hearing in the Gonzales case in Texas on May 30, 2007, Mr. Celis testified under oath that he had a law degree from the Universidad Regio Montana in Monterrey, Mexico.  *See Testimony of Mauricio Celis* hereto attached as Exhibit 9 at pages 50-51.

ANSWER:    Answering Defendants respectfully refer the Court to the Testimony of Mauricio

Celis [Exhibit 9], a complete version of which speaks for itself, and deny any allegations

contained in Paragraph 24 inconsistent with that testimony.

25.    During November 2007, a grand jury in Nueces County, Texas, indicted
Mr. Celis on 10 criminal charges, including seven counts of holding himself out as a
lawyer, and one count of aggravated perjury (relating to Mr. Celis' alleged false evidence
under oath at the May 30, 2007 court hearing that he has a law degree).

ANSWER:    Answering Defendants respectfully refer the Court to the grand jury indictment,

a complete version of which speaks for itself, and deny any allegations contained in Paragraph

25 inconsistent with the grand jury indictment.

26.    When Evanston issued the Lawyers Professional Liability Policies to CGT,
Evanston relied on the information contained in the policy applications, which stated that
Defendant Celis, CGT's principal partner with absolute and financial control over CGT,
was a <u>lawyer</u>, admitted in Mexico, who had practiced full time for at least six years
[Exhibits 1 and 3].

ANSWER:    Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis they

deny each and every allegation contained therein.

27.    The Defendants knew that Evanston was relying upon the false statements
in the policy applications in considering whether to issue the Policies.  This information
was relevant and material to Evanston's underwriting decisions because it affected the
likelihood of litigation and the risk of a loss covered under the Policies.

ANSWER:    Answering Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    In reliance upon the false material misrepresentations that Mr. Celis was a
lawyer, Evanston issued the Policies to CGT.

ANSWER:    Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis they

deny each and every allegation contained therein.

29.    Evanston should not be required to defend or indemnify the Defendants for any loss they have incurred or might incur now or in the future.  The Policies were issued only as a result of CGT's false representations, and would not have been issued had Evanston known the true facts.  As a result, Evanston is entitled to rescind the Policies and to have them declared *void ab initio* due to the false representations made during the underwriting and negotiating process for the Policies.

ANSWER:    Answering Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    Evanston thus files this action seeking rescission of the Policies issued by it to CGT, and a declaration that both Policies are *void ab initio*.  In the alternative, Evanston seeks an award that the Defendants are not entitled to coverage under the Policies against the allegations in the *Gonzales, Steele, UPLC,* and *AG* lawsuits. Evanston also seeks an award of the actual damages sustained by Evanston because of the Defendants' misrepresentations.

ANSWER:    The allegations in Paragraph 30 are allegations of law which require no response.

To the extent that Paragraph 30 is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

## V.
## THE INSURANCE POLICIES ISSUED TO CGT

31.    Evanston issued a Lawyers Professional Liability Insurance Policy number LA 803756 to CGT effective December 7, 2005 to December 7, 2006 [Exhibit 2].  Evanston also issued a Lawyers Professional Liability Insurance Policy number LA 804111 to CGT effective December 7, 2006 to December 7, 2007 [Exhibit 4].  The Policies each provide for a limit of liability for each Claim of $2,000,000 and in the aggregate.  The Policies provide coverage for Acts, which term is defined to mean "the performance of or omission of a duty or obligation by the Insured while rendering legal advice or legal services for others."

ANSWER:    Answering Defendants respectfully refer the Court to the December 7, 2005 to December 7, 2006 Policy [Exhibit 2] and December 7, 2006 to December 7, 2007 Policy [Exhibit 4], complete versions of which speak for themselves, and deny any allegations contained in Paragraph 31 inconsistent with the December 7, 2005 to December 7, 2006 Policy and December 7, 2006 to December 7, 2007 Policy.

# VI.
# THE POLICY APPLICATIONS

## A.    Policy Language Regarding the Policy Applications

32.    The Policies each contain a "Condition Precedent" at page 1, which provides that "[a]s conditions precedent to the availability of any coverage under this policy, … the application attached hereto and made a part hereof and all information in whatever form communicated by the Insured to the company must be accurate."  [Exhibits 2 and 4 at page 1].  The Policies also provide in the Other Conditions section that "the Insured agrees that the statements in the policy are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations …" [Exhibits 2 and 4 at page 7].

ANSWER:    Answering Defendants respectfully refer the Court to the December 7, 2005 to December 7, 2006 Policy and December 7, 2006 to December 7, 2007 Policy, complete versions of which speak for themselves, and deny any allegations contained in Paragraph 32 inconsistent with the December 7, 2005 to December 7, 2006 Policy and December 7, 2006 to December 7, 2007 Policy.

33.    The policy applications form part of the Policies.  Both the policy applications contain warranties in which the insured states that "I warrant to the insurer, … that the information contained herein is true and that it shall be the basis of the policy of insurance and deemed incorporated therein, should the insurer evidence its acceptance of this application by issuance of a policy."  [Exhibits 1 and 3].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005 and 2006 Policy Applications [Exhibits 1 and 3], complete versions of which speak for themselves, and deny any allegations contained in Paragraph 33 inconsistent with the 2005 and 2006 Policy Applications.

## B.    The Misrepresentations in the Policy Applications

34.    In CGT's "Application for Lawyers Professional Liability Insurance" dated December 7, 2005 for the 2005-06 Policy [Exhibit 3 at page 4 and blank CGT letterhead attached to application], CGT made the following representations, which are all false:

- Mr. Celis is a lawyer;
- Mr. Celis is a member in good standing of the Mexico Bar;
- Mr. Celis was admitted to the Mexico Bar in 2000;

- Mr. Celis has practiced as a lawyer on a full time basis for six years;
- Mr. Celis is "licensed in Mexico" [See blank letterhead attached to application].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005 Policy Application [Exhibit 1], a complete version of which speaks for itself, and deny any allegations contained in Paragraph 34 inconsistent with the 2005 Policy Application, and further deny that the referenced representations are false.

35.    In CGT's "Application for Lawyers Professional Liability Insurance" dated October 16, 2006 for the 2006-07 Policy [Exhibit 4 at page 4], CGT made the following representations, which are all false:

- Mr. Celis is a lawyer;
- Mr. Celis is a member in good standing of the Mexico Bar;
- Mr. Celis was admitted to the Mexico Bar in 2000;
- Mr. Celis has practiced as a lawyer on a full time basis for seven years.

ANSWER:    Answering Defendants respectfully refer the Court to the 2006 Policy Application [Exhibit 3], a complete version of which speaks for itself, and deny any allegations contained in Paragraph 35 inconsistent with the 2006 Policy Application, and further deny that the referenced representations are false.

**VII.**
**CAUSES OF ACTION**

**Count I**

**Request for Declaratory Judgment and Judicial Rescission of**
**Evanston's 2005-06 and 2006-07 Policies**

36.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

ANSWER:    For their answer to Paragraph 36 of the Complaint, Answering Defendants incorporate by reference their answers to Paragraphs 1 through 35 of the Complaint.

37.    Pursuant to D.C. Code § 31-4314, proof that an application for insurance contains a false statement which was made with intent to deceive or materially affected

either the acceptance of the risk or the hazard assumed by the insurer, is sufficient to defeat a claim under an insurance policy.

ANSWER:    The allegations in Paragraph 37 are allegations of law which require no response.

To the extent that Paragraph 37 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

38.    CGT's representations in the 2005-06 and 2006-07 policy applications set forth in paragraphs 34 and 35 above, were all false.

ANSWER:    Answering Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    The false representations were made with the intent to deceive Evanston and to induce Evanston into issuing the Policies; alternatively the false representations materially affected either the acceptance of the risk or the hazard assumed by Evanston.

ANSWER:    Answering Defendants deny the allegations in Paragraph 39 of the Complaint.

40.    The false representations were material to the risk that Evanston assumed in issuing the Policies to CGT.

ANSWER:    Answering Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Evanston relied upon the false representations in deciding whether to issue the Policies to CGT.

ANSWER:    Answering Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Evanston would not have issued the Policies if it had known that one or more of the statements set forth in paragraphs 32 and 33 above were false.

ANSWER:    Answering Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Accordingly, Evanston is entitled to a judicial rescission of the two Evanston Policies.

ANSWER:    Answering Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Evanston is prepared to return the premiums CGT paid for the 2005-06 Policy and the 2006-07 Policy upon rescission of the Policies; alternatively, Evanston is willing to tender the premium amount into the registry of this court while this action is pending.

ANSWER:    Answering Defendants are without knowledge or information sufficient to form a

belief as to the allegations in Paragraph 44 of the Complaint.

**Count II**

**Request for Declaratory Judgment that the 2006-07 Policy Does Not Provide Coverage
For the Defendants Against the Allegations in the Lawsuits**

45.    Evanston incorporates by reference the allegations of all foregoing
paragraphs of this complaint.

ANSWER:    For their answer to Paragraph 45 of the Complaint, Answering Defendants

incorporate by reference their answers to Paragraphs 1 through 44 of the Complaint.

46.    To the extent that the Court does not declare that the 2006-07 Policy is
rescinded and *void ab initio,* Evanston seeks in the alternative a declaration that the 2006-
07 Policy does not provide coverage for the Defendants against the allegations in the
*Gonzales, Steele, UPLC,* and *AG* lawsuits, and that Evanston therefore owes no duty to
defend and indemnify the Defendants under the 2006-07 Policy against the allegations in
those lawsuits.

ANSWER:    The allegations in Paragraph 46 are allegations of law which require no response.

To the extent that Paragraph 46 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

47.    The common thread in all four lawsuits is that Defendant CGT was formed
in the District of Columbia for illegal purposes: the practice of law and the control of a law
firm by a non-lawyer – Defendant Celis; to allow lawyers to conspire with a non-lawyer to
engage in a pattern of conduct which constitutes the unauthorized practice of law in Texas
and other States; to circumvent unauthorized practice of law restrictions in Texas and other
States; and to allow lawyers to accept referrals and share legal fees with a non-lawyer.

ANSWER:    Answering Defendants respectfully refer the Court to the referenced lawsuits,

complete versions of which speak for themselves, and deny any allegations contained in

Paragraph 47 inconsistent with the referenced lawsuits.

48.    Both the 2005-06 and 2006-07 Policies provide that "two or more claims
arising out of a single Act … or a series of related Acts … shall be treated as a single
Claim," and that "all such Claims whenever made shall be considered first made on the
date on which the earliest Claim arising out of such Act … was first made..." [Exhibit 2 at
page 6].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 and 2006-07

Policies, complete versions of which speak for themselves, and deny any allegations contained

in Paragraph 48 inconsistent with the 2005-06 and 2006-07 Policies.

49.    All four of the lawsuits arise out of a single Act or a series of related Acts
and should therefore be treated as a single Claim, and considered first to be made on the
date on which the earliest Claim arising out of such Act was first made.

ANSWER:    The allegations in Paragraph 49 are allegations of law which require no response.

To the extent that Paragraph 49 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

50.    The earliest Claim arising out of the Defendants' alleged unauthorized
practice of law was made in the *Gonzales* lawsuit, which was made on October 30, 2006
during the 2005-06 Policy period.

ANSWER:    Answering Defendants admit the allegations in Paragraph 50 of the Complaint.

51.    Accordingly, the Claims in the *Gonzales, Steele, UPLC,* and AG lawsuits are
treated as a single Claim (hereinafter referred to as the "Claim"'), and considered first to be
made during the 2005-06 Policy period.

ANSWER:    The allegations in Paragraph 51 are allegations of law which require no response.

To the extent that Paragraph 51 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

52.    Evanston is therefore entitled to a declaratory judgment that the 2006-07
Policy does not provide coverage for the Defendants against the allegations in the *Gonzales,
Steele, UPLC,* and *AG* lawsuits.

ANSWER:    The allegations in Paragraph 52 are allegations of law which require no response.

To the extent that Paragraph 52 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

53.    However, even if the Court finds that the Claims in the *Gonzales, Steele, UPLC,*
and *AG* lawsuits should not be treated as a single Claim, and that the Claims in the *Steele,
UPLC,* and *AG* lawsuits were made during the 2006-07 Policy period, coverage is not available

for those lawsuits under the 2006-07 Policy for the same reasons coverage is not available under the 2005-06 Policy, as set forth in Count III below.

ANSWER:    The allegations in Paragraph 53 are allegations of law which require no response.

To the extent that Paragraph 53 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

## Count III

## Request. for Declaratory Judgment that the 2005-06 Policy Does Not Provide Coverage For the Defendants Against the Allegations in the Lawsuits

54.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

ANSWER:    For their answer to Paragraph 54 of the Complaint, Answering Defendants

incorporate by reference their answers to Paragraphs 1 through 53 of the Complaint.

55.    As stated in paragraph 49 above, the *Gonzales, Steele, UPLC,* and *AG* lawsuits must be treated as a single Claim, and considered first to be made during the 2005-06 Policy period.

ANSWER:    The allegations in Paragraph 55 are allegations of law which require no response.

To the extent that Paragraph 55 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

56.    To the extent that the Court does not declare that the 2005-06 Policy is rescinded and *void ab initio,* Evanston seeks in the alternative a declaration that the 2005-06 Policy does not provide coverage for the Defendants against the allegations in the *Gonzales, Steele, UPLC,* and *AG* lawsuits – the Claim – and that Evanston therefore owes no duty to defend and indemnify the Defendants under the 2005-06 Policy against the allegations in those lawsuits.

ANSWER:    The allegations in Paragraph 56 are allegations of law which require no response.

To the extent that Paragraph 56 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

A.    **The Requirements of the 2005-06 Policy's Insuring Agreement Have Not Been Satisfied Relating to the Lawsuits**

57.     The 2005-06 Policy provides coverage for Acts, which term is defined to mean "the performance of or omission of a duty or obligation by the Insured while rendering legal advice or legal services for others."

ANSWER:     Answering Defendants respectfully refer the Court to the 2005-06 Policy, a complete version of which speaks for itself, and deny any allegations contained in Paragraph 57 inconsistent with the 2005-06 Policy.

58.     The *Gonzales, Steele, UPLC,* and AG lawsuits do not contain allegations that the Defendants are liable for any malpractice due to their performance of or omissions of duties or obligations by them while rendering legal advice or services for others.  To the contrary, the essence of the allegations in the lawsuits are that Defendant CGT was formed for the illegal practice of law; to allow lawyers to conspire with a non-lawyer to engage in the unauthorized practice of law; to allow a non-lawyer to practice law and to manage a law firm; and to allow lawyers to accept referrals and share legal fees with a non-lawyer. The primary reasons for the filing of the lawsuits are an attempt to close down CGT and to recover the legal fees CGT received.

ANSWER:     Answering Defendants respectfully refer the Court to the *Gonzales, Steele, UPLC,* and AG lawsuits, complete versions of which speak for themselves, and deny any allegations contained in Paragraph 58 inconsistent with the *Gonzales, Steele, UPLC,* and AG lawsuits.

59.     Because the requirements of the 2005-06 Policy's insuring agreement have not been satisfied, the 2005-06 Policy does not provide coverage for the Defendants in the *Gonzales, Steele, UPLC,* and *AG* lawsuits.

ANSWER:     The allegations in Paragraph 59 are allegations of law which require no response. To the extent that Paragraph 59 is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

**B.     The Prior Acts Exclusion Bars Coverage For the Lawsuits**

60.     Even if any of the lawsuits arguably involves an Act, as defined in the 2005-06 Policy, the Policy contains a Prior Acts exclusion, which excludes coverage for any Claim based upon, arising out of, or in any way involving any Act happening prior to December 7, 2005 [Exh. 2, Endorsement 2].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 60

inconsistent with the 2005-06 Policy.

61.    The common theme in all four lawsuits is that Defendant CGT was created
and registered for the purpose to engage in the unauthorized practice of law under the
complete control of a non-lawyer and to allow other lawyers to accept referrals and share
legal fees with a non-lawyer.

ANSWER:    Answering Defendants respectfully refer the Court to the *Gonzales, Steele, UPLC,*

and AG lawsuits, complete versions of which speak for themselves, and deny any allegations

contained in Paragraph 61 inconsistent with the *Gonzales, Steele, UPLC,* and AG lawsuits.

62.    Accordingly, Defendants' wrongful acts commenced when CGT was formed
on November 1, 2005.

ANSWER:    Answering Defendants deny the allegations in Paragraph 62 of the Complaint.

63.    Because Defendants engaged in the unauthorized practice of law before
December 7, 2005, the Claim involves an act happening prior to December 7, 2005, for
which the Policy does not provide coverage.

ANSWER:    Answering Defendants deny the allegations in Paragraph 63 of the Complaint.

C.    **In the Alternative, the Prior Knowledge Exclusion Bars Coverage For the Lawsuits**

64.    Alternatively to B. above, the 2005-06 Policy does not provide coverage if,
prior to the effective date of the Policy, any Insured was aware of any facts or
circumstances from which a reasonable person would have anticipated a Claim [Exhibit 2
at page 2].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 64

inconsistent with the 2005-06 Policy.

65.    The lawsuits allege that Defendant CGT was formed in the District of
Columbia for illegal purposes:  the practice of law and the control of a law firm by a non-
lawyer – Defendant Celis; to allow lawyers to conspire with a non-lawyer to engage in a
pattern of conduct which constitutes the unauthorized practice of law in Texas and other
States; to circumvent unauthorized practice of law restrictions in Texas and other States;
and to allow lawyers to accept referrals and share legal fees with a non-lawyer.

ANSWER:    Answering Defendants respectfully refer the Court to the *Gonzales, Steele, UPLC,*

and AG lawsuits, complete versions of which speak for themselves, and deny any allegations

contained in Paragraph 65 inconsistent with the *Gonzales, Steele, UPLC,* and AG lawsuits.

66.    CGT was formed on November 1, 2005, prior to the inception of the 2005-06
Policy on December 7, 2005. *See CGT Partnership Agreement* attached as Exhibit 1 to
the Petition filed in the UPLC lawsuit attached hereto as Exhibit 7.

ANSWER:    Answering Defendants respectfully refer the Court to the CGT Partnership

Agreement, a complete version of which speaks for itself, and deny any allegations contained

in Paragraph 66 inconsistent with the CGT Partnership Agreement.

67.    Because CGT's principal partner, Defendant Celis, is not a lawyer and the
Defendants engaged in the unauthorized practice of law before December 7, 2005, the
Defendants were, prior to the effective date of the 2005-06 Policy, aware of facts or
circumstances from which a reasonable person would have anticipated a Claim.

ANSWER:    Answering Defendants deny the allegations in Paragraph 67 of the Complaint.

68.    Accordingly, the 2005-06 Policy does not provide coverage for the
Defendants against the allegations in the *Gonzales, Steele, UPLC, and AG* lawsuits.

ANSWER:    Answering Defendants deny the allegations in Paragraph 68 of the Complaint.

**D.    Mr. Celis Does Not Qualify as an Insured and CGT Does Not Qualify as an Insured
For Any Liability it May Incur for Mr. Celis' Acts in the Lawsuits**

69.    The 2005-06 Policy affords coverage for any lawyer that is a partner, officer,
director, of counsel or employee of CGT, but only for Claims arising out of legal advice or
legal services rendered on behalf of CGT.  The Policies also provide coverage for any
present or former employee of CGT solely while acting on behalf of CGT.

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 69

inconsistent with the 2005-06 Policy.

70.    Because Mr. Celis is neither a lawyer, nor an employee of CGT, Mr. Celis
does not qualify as an insured under the 2005-06 Policy.

ANSWER:    Answering Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    The 2005-06 Policy affords coverage for CGT, but only for Claims arising out of or legal advice or services provided on behalf of CGT by any other insured.

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 71

inconsistent with the 2005-06 Policy.

72.    Because Mr. Celis is not an insured, CGT does not qualify as an insured under the 2005-06 Policy for liability it incurs arising out of legal advice or services provided on behalf of CGT by Mr. Celis.

ANSWER:    Answering Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    The 2005-06 Policy therefore does not provide coverage for Mr. Celis against the allegations in the *Gonzales, Steele, UPLC, and AG* lawsuits, and coverage is not provided under that Policy for CGT against any liability it incurs in those lawsuits because of Mr. Celis' acts.

ANSWER:    Answering Defendants deny the allegations in Paragraph 73 of the Complaint.

**E.    The Claim Does Not Allege Damages**

74.    The Claim alleges that the Defendants are not entitled to the legal fees and profits they received because the Defendants were engaged in the unauthorized practice of law and shared fees with a non-lawyer.  Accordingly, one of the primary reasons for the filing of the lawsuits is an attempt to recover the legal fees and profits CGT received.  The Claim therefore seeks disgorgement of fees and profits received by the Defendants, punitive damages and civil penalties, and the imposition of a constructive trust, and restraining orders and injunctions.

ANSWER:    Answering Defendants respectfully refer the Court to the Claim, a complete

version of which speaks for itself, and deny any allegations contained in Paragraph 74

inconsistent with the Claim.

75.    The 2005-06 Policy provides that the term "Damages" mean "the monetary portion of any judgment, award, or settlement, and does not include the restitution of consideration and expenses paid to the Insured for services or judgments or awards uninsurable by law, and punitive or exemplary damages, or any damages which are a multiple of compensatory damages, statutory treble damages, or fines, penalties or sanctions."  [Exhibit 2 at page 1].

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 75

inconsistent with the 2005-06 Policy.

76.    Accordingly, the relief sought in the Claim does not constitute "Damages" as that term is defined in the 2005-06 Policy, and that policy therefore does not provide coverage for the Claim.

ANSWER:    Answering Defendants deny the allegations in Paragraph 76 of the Complaint.

**F.    Coverage For the Payment of, Division of, or Apportionment of Legal Fees is Excluded**

77.    The 2005-06 Policy excludes coverage for any Claim based upon or arising out of a contract for, or other right relating to, payment of or division of legal fees or fee apportionment.

ANSWER:    Answering Defendants respectfully refer the Court to the 2005-06 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 77

inconsistent with the 2005-06 Policy.

78.    The Claim alleges that the Defendants have asserted an interest in other lawyers' legal fees, and that the Defendants have attempted to steal, extort, and illegally obtain attorney's fees from other lawyers.

ANSWER:    Answering Defendants respectfully refer the Court to the Claim, a complete

version of which speaks for itself, and deny any allegations contained in Paragraph 78

inconsistent with the Claim.

79.    Accordingly, the 2005-06 Policy does not provide coverage for the Claim.

ANSWER:    Answering Defendants deny the allegations in Paragraph 79 of the Complaint.

**Count IV**

**Request for Declaratory Judgment that CGT is Not Entitled to An Extended Reporting Period**

80.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

ANSWER:    For their answer to Paragraph 80 of the Complaint, Answering Defendants

incorporate by reference their answers to Paragraphs 1 through 79 of the Complaint.

81.    The 2006-07 Policy provides that if Evanston cancels or non-renews the
Policy, CGT, for an additional charge, shall have the right to extend the period during
which Claims must be first made and reported. [Exhibit 3 at page 4].

ANSWER:    Answering Defendants respectfully refer the Court to the 2006-07 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 81

inconsistent with the 2006-07 Policy.

82.    Because Evanston is entitled to the rescission of the 2006-07 Policy,
Evanston requests the Court to declare that CGT is not entitled to an Extended Reporting
Period under the 2006-07 Policy.

ANSWER:    The allegations in Paragraph 82 are allegations of law which require no response.

To the extent that Paragraph 82 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

83.    To the extent that the Court does not declare that the 2006-07 Policy is
rescinded and *void ab initio,* Evanston asserts that CGT is not entitled to an Extended
Reporting Period under the 2006-07 Policy because of its breach of Policy provisions.

ANSWER:    The allegations in Paragraph 83 are allegations of law which require no response.

To the extent that Paragraph 83 is construed to contain allegations requiring a response from

Answering Defendants, such allegations are denied.

84.    The 2006-07 Policy provides that CGT has the right to an Extended
Reporting Period if cancellation or non-renewal does not result from CGT's non payment
of premium and/or deductible or other non-compliance with the terms and conditions of the
Policy.

ANSWER:    Answering Defendants respectfully refer the Court to the 2006-07 Policy, a

complete version of which speaks for itself, and deny any allegations contained in Paragraph 84

inconsistent with the 2006-07 Policy.

85. The 2006-07 Policy contains a "Condition Precedent" at page 1, which provides that "[a]s conditions precedent to the availability of any coverage under this policy, … the application attached hereto and made a part hereof and all information in whatever form communicated by the Insured to the company must be accurate." [Exhibits 2 and 4 at page 1]. The 2006-07 Policy also provides in the Other Conditions section that "the Insured agrees that the statements in the policy are personal representations, that they shall be deemed material and that this policy is issued in reliance upon the truth of such representations …" [Exhibits 2 and 4 at page 7].

ANSWER: Answering Defendants respectfully refer the Court to the 2006-07 Policy, a complete version of which speaks for itself, and deny any allegations contained in Paragraph 85 inconsistent with the 2006-07 Policy.

86. Evanston's non-renewal of the Policy results from CGT's non-compliance with the above terms and conditions of the Policy in that CGT made misrepresentations to Evanston in the Policy application. Accordingly, CGT is not entitled to an Extended Reporting Period.

ANSWER: Answering Defendants deny the allegations in Paragraph 86 of the Complaint.

## Count V

### Fraudulent Misrepresentation and Fraudulent Inducement

87. Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

ANSWER: For their answer to Paragraph 87 of the Complaint, Answering Defendants incorporate by reference their answers to Paragraphs 1 through 86 of the Complaint.

88. CGT's representations in the 2005-06 and 2006-07 policy applications set forth in paragraphs 34 and 35 above that Mr. Celis is a lawyer, were all false.

ANSWER: Answering Defendants deny the allegations in Paragraph 88 of the Complaint.

89. The false representations were material to Evanston's decision to issue the Policies.

ANSWER: Answering Defendants deny the allegations in Paragraph 89 of the Complaint.

90. At the time the representations were made, Defendants knew that the representations were false or made the representations recklessly, as a positive assertion, without knowledge of their truth.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 90 of the Complaint.

91.    Defendants made the false representations with the intent to deceive Evanston and to induce Evanston into issuing the Policies.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 91 of the Complaint.

92.    Evanston actually and justifiably relied on the false representations to its detriment in deciding to issue the Policies.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 92 of the Complaint.

93.    The false representations were material to the risk underwritten by Evanston, and if Evanston had known the true facts, Evanston would not have issued the Policies.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Accordingly, Evanston is entitled to rescission and/or cancellation of the Policies from their inception.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 94 of the Complaint.

95.    Evanston has also suffered damages as a result of the Defendants' false representations in the amount of costs and expenses incurred by Evanston with respect to the defense of the Defendants.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 95 of the Complaint.

96.    Evanston is therefore also entitled to an order that the Defendants is obliged to reimburse Evanston for any and all defense costs and expenses paid by Evanston on behalf of any of the Defendants.

<u>ANSWER</u>:    Answering Defendants deny the allegations in Paragraph 96 of the Complaint.

## <u>Count VI</u>

### <u>Negligent Misrepresentation</u>

97.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

<u>ANSWER</u>:    For their answer to Paragraph 97 of the Complaint, Answering Defendants incorporate by reference their answers to Paragraphs 1 through 96 of the Complaint.

98.     CGT's representations in the 2005-06 and 2006-07 policy applications set forth in paragraphs 34 and 35 above that Mr. Celis is a lawyer, were all false.

ANSWER:     Answering Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     The false representations were material to Evanston's decision to issue the Policies.

ANSWER:     Answering Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     In deciding to issue the Policies, Evanston reasonably relied on one or more of the false representations.

ANSWER:     Answering Defendants deny the allegations in Paragraph 100 of the Complaint.

101.     The false representations were material to the risk underwritten by Evanston, and if Evanston had known the true facts, Evanston would not have issued the Policies.

ANSWER:     Answering Defendants deny the allegations in Paragraph 101 of the Complaint.

102.     The false statements were made in violation of a duty to exercise reasonable care.

ANSWER:     Answering Defendants deny the allegations in Paragraph 102 of the Complaint.

103.     Accordingly, Evanston is entitled to rescission and/or cancellation of the Policies from their inception.

ANSWER:     Answering Defendants deny the allegations in Paragraph 103 of the Complaint.

104.     Evanston has also suffered damages as a result of the Defendants' false representations in the amount of costs and expenses incurred by Evanston with respect to the defense of the Defendants.

ANSWER:     Answering Defendants deny the allegations in Paragraph 104 of the Complaint.

105.     Evanston is therefore also entitled to an order that the Defendants is obliged to reimburse Evanston for any and all defense costs and expenses paid by Evanston on behalf of any of the Defendants.

ANSWER:     Answering Defendants deny the allegations in Paragraph 105 of the Complaint.

## Count VII

## Unjust Enrichment

106.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

ANSWER:    For their answer to Paragraph 106 of the Complaint, Answering Defendants incorporate by reference their answers to Paragraphs 1 through 105 of the Complaint.

107.    Evanston has, at its own expense, conferred a benefit upon the Defendants, to the extent of costs and expenses incurred on behalf of the Defendants.

ANSWER:    Answering Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    By permitting Evanston to pay for the costs associated with its defense and to make the Settlement Payment on its behalf, the Defendants have retained and appreciated these benefits.

ANSWER:    Answering Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    For the reasons set forth in this Complaint, the Defendants were not entitled to this benefit.

ANSWER:    Answering Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Under the circumstances, good conscience requires that the Defendants make restitution to Evanston in an amount equivalent to the costs and expenses Evanston has paid or incurred with respect to the defense of any of the Defendants'.

ANSWER:    Answering Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Evanston is therefore entitled to judgment against the Defendants for the amount of the defense costs and expenses that Evanston has paid with respect to any and all Defendants.

ANSWER:    Answering Defendants deny the allegations in Paragraph 111 of the Complaint.

## Count VIII

## Attorney's Fees

112.    Evanston incorporates by reference the allegations of all foregoing paragraphs of this complaint.

<u>ANSWER</u>:   For their answer to Paragraph 112 of the Complaint, Answering Defendants incorporate by reference their answers to Paragraphs 1 through 111 of the Complaint.

113.   It has been necessary for Evanston to retain the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP to represent its interests in pursuing this action. Accordingly, Evanston is entitled to collect from Defendants its reasonable attorneys' fees and expenses incurred in prosecuting this action.  Therefore, Evanston respectfully requests this Court to award to it its reasonable and necessary attorneys' fees, as well as all costs of court, incurred in prosecuting this action.

<u>ANSWER</u>:   Answering Defendants deny the allegations contained in the first two sentences of Paragraph 113.  The remaining allegations in Paragraph 113 are allegations of law which require no response.  To the extent that Paragraph 113 is construed to contain allegations requiring a response from Answering Defendants, such allegations are denied.

## IX
## RELIEF REQUESTED

In response to Plaintiff's Prayer for Relief, Answering Defendants deny each and every allegation contained therein, and further deny that Plaintiff is entitled to the relief requested or to any relief in any amount or of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Answering Defendants assert the following separate and affirmative defenses to the Complaint:

114.  The Complaint fails to state a claim on which relief can be granted.

115.  Plaintiff's claims are barred by the equitable doctrines of waiver, unclean hands, estoppel, and acquiescence.

116.  Plaintiff's claims are barred by Plaintiff's material breaches of its contractual, statutory and common law obligations to Answering Defendants.

117.  Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

118.  To the extent that Plaintiff has sustained damages for which it seeks relief, all such damages were actually caused by Plaintiff's acts and/or omissions and/or the acts and omissions of its agents, representatives or employees.

119.  Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

120.  Answering Defendants reserve the right to plead such additional affirmative defenses as are discovered in the course of the litigation.

## COUNTERCLAIMS

Counterclaim Plaintiffs CGT, Mauricio Celis, T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia, James H. Hada, and Thomas Guajardo, for their counterclaims against Counterclaim Defendant Evanston Insurance Company ("Evanston"), hereby state as follows:

## JURISDICTION AND VENUE

121.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Evanston and Counterclaim Plaintiffs are citizens of different States, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

122.  Counterclaim Plaintiff CGT is a limited liability partnership organized under the law of the District of Columbia with its principal place of business at 101 Constitution Avenue NW, Suite 900, Washington D.C.

123.  Counterclaim Plaintiff Mauricio Celis is a Texas resident.

124.  Counterclaim Plaintiff T. Christopher Pinedo is a Texas resident.

125.  Counterclaim Plaintiff Douglas Ray Gwyther is a Texas resident.

126.  Counterclaim Plaintiff Raul Tapia is a District of Columbia resident.

127.    Counterclaim Plaintiff James H. Hada is a Texas resident.

128.    Counterclaim Plaintiff Thomas Guajardo is an Arizona resident.

129.    Counterclaim Defendant Evanston is an insurance company incorporated under the laws of the State of Illinois with its principal place of business at Ten Parkway North, Deerfield, Illinois 60015.

## FACTS

130.    Counterclaim Plaintiffs incorporate by reference their answers set forth in Paragraphs 121 through 129 as if repeated verbatim herein.

131.    Counterclaim Defendant Evanston issued two Professional Liability Insurance Policies to CGT (the "Policies").  CGT is the named insured under the Policies.

132.    Pursuant to the terms of the Policies, the Counterclaim Defendant agreed to defend, or to pay defense costs incurred by, and to indemnify Counterclaim Plaintiffs for all sums that Counterclaim Plaintiffs become legally obligated to pay as damages because of suits filed against them during each Policy period, including the costs of defending and settling the various filed lawsuits.

133.    CGT has tendered three lawsuits, the *Gonzales*, *Steele*, and *UPL* lawsuits, filed against it in Texas state courts to Evanston for a defense under the Policies.  Evanston is currently defending CGT and the individual defendants under the Policies in aforementioned lawsuits.  A fourth lawsuit was also filed against CGT and Defendant Celis, which lawsuit has not been tendered to Evanston for a defense.

134.    All conditions precedent to Counterclaim Plaintiffs' rights to recover from Counterclaim Defendant under the Policies have occurred or have been fully performed or have

been waived, including notifying the Counterclaim Defendant of the various claims filed against CGT in Texas state courts.

## COUNTERCLAIM COUNT I
### *(Declaratory Relief)*

135.  The allegations set forth in Paragraphs 121 through 134 above are incorporated by reference as if repeated verbatim herein.

136.  Under the Policies, Counterclaim Defendant Evanston undertook, *inter alia*, to defend, or to pay defense costs incurred by, and to indemnify Counterclaim Plaintiffs against certain liabilities and losses arising out of claims made by third parties**.**

137.  Counterclaim Defendant Evanston is obligated under the terms of its Policies to defend and indemnify Counterclaim Plaintiffs with respect to the *Gonzales*, *Steele*, *UPL* and *AG* lawsuits, as well as any other lawsuits filed against Counterclaim Plaintiffs, or any of them, that concern the claims asserted in the *Gonzales*, *Steele*, *UPL*, and *AG* lawsuits.

137.  An actual and justiciable controversy currently exists between Counterclaim Plaintiffs and the Counterclaim Defendant with respect to the Counterclaim Defendant's duties and obligations under the 2005-06 and 2006-07 Policies.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants pray for judgment and relief as follows:

1.    That Plaintiff take nothing by way of its Complaint;

2.    That the Complaint be dismissed and judgment entered in favor of Answering Defendants;

3.    For Answering Defendants' costs of suit incurred herein;

4.    For Answering Defendants' reasonable attorney's fees incurred in defending this action;

5.    On the Counterclaim, that Evanston is obligated under the Policies to defend, or to reimburse defense costs incurred by, and to indemnify Counterclaim Plaintiffs in full

with respect to the *Gonzales*, *Steele*, *UPL* and *AG* lawsuits, as well as any other claims

asserted against Counterclaim Plaintiffs, or any of them, that are related in any way to the

issues in the *Gonzales*, *Steele*, *UPL*, and *AG* lawsuits.

6.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,


_____/s/ Philip H. Hecht_____
Philip H. Hecht (DC Bar No. 33286)
 KIRKPATRICK & LOCKHART PRESTON
 GATES ELLIS LLP
 1601 K Street, N.W.
 Washington, D.C.  20006
 Telephone:  (202) 778-9000
 Facsimile: (202) 778-9100
 E-mail: philip.hecht@klgates.com

 Counsel for Defendants CGT Law Group International
 LLP, Mauricio Celis, T. Christopher Pinedo, Douglas Ray
 Gwyther, Raul Tapia, James H. Hada, and Thomas
 Guajardo

## CERTIFICATE OF SERVICE

I certify that on February 13, 2008, a copy of the foregoing Answer, Affirmative Defenses, and Counterclaims was filed via electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

William Gandy
Jason R. Waters
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Wesrpark Drive, Suite 510
McLean, Virginia 22102
Phone: 703-245-9300
Fax: 703-245-9301
E-mail: william.gandy@wilsonelser.com
Attorneys for Plaintiff


_____/s/ Philip H. Hecht_____
Philip H. Hecht
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
E-mail: philip.hecht@klgates.com