IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | : |
| | : |
| Plaintiff/Counterclaim Defendant, | : |
| | : |
| v. | :   Civil Action No. 07-2252 |
| | : |
| CGT LAW GROUP INTERNATIONAL LLP, MAURICIO CELIS, T. CHRISTOPHER PINEDO, DOUGLAS RAY GWYTHER, RAUL TAPIA, JAMES H. HADA, and THOMAS GUAJARDO, | : |
| | : |
| Defendants/Counterclaim Plaintiffs. | : |

**EVANSTON INSURANCE COMPANY'S ANSWER AND
GROUNDS OF DEFENSE TO COUNTERCLAIM**

Plaintiff and Counterclaim Defendant Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, hereby state the following as its answer to the Counterclaim of Defendants and Counterclaim Plaintiffs CGT Law Group International, LLP, Mauricio Celis, T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia, James H. Hada, and Thomas Guajardo:

**FIRST DEFENSE**

Answering each separately numbered paragraph of the Counterclaim, Evanston states the follows:

**JURISDICTION AND VENUE**

121.   Evanston admits the allegations contained in paragraph 121.

**PARTIES**

122.   Evanston admits the allegations contained in paragraph 122.

123.   Evanston admits the allegations contained in paragraph 123.

124. Evanston admits the allegations contained in paragraph 124.

125. Evanston admits the allegations contained in paragraph 125.

126. Evanston admits the allegations contained in paragraph 126.

127. Evanston admits the allegations contained in paragraph 127.

128. Evanston admits the allegations contained in paragraph 128.

129. Evanston admits the allegations contained in paragraph 129.

## FACTS

130. Evanston adopts all previously stated answers and incorporates them herein in response to paragraph number 130.

131. Evanston admits the allegations contained in paragraph 131.

132. Paragraph 132 of the Counterclaim contains conclusions of law to which a response is not required. To the extent that a response is required, Evanston denies the allegations contained in paragraph 132.

133. Evanston admits the allegations contained in paragraph 133.

134. Evanston denies the allegations contained in paragraph 134.

## COUNTERCLAIM COUNT I
*(Declaratory Relief)*

135. Evanston adopts all previously stated answers and incorporates them herein in response to paragraph number 135.

136. Paragraph 136 of the Counterclaim contains conclusions of law to which a response is not required. To the extent that a response is required, Evanston denies the allegations contained in paragraph 136.

137. Evanston denies the allegations contained in paragraph 137.

137 [sic]. Evanston admits the allegations contained in paragraph 137 [sic].

Further answering the Counterclaim, Evanston denies each and every allegation not specifically admitted herein and denies that Counterclaim Plaintiffs are entitled to the relief requested.

## SECOND DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Counterclaim is barred by Counterclaim Plaintiffs' fraudulent misrepresentations to Evanston.

## FOURTH DEFENSE

The Counterclaim is barred by Counterclaim Plaintiffs' fraudulent inducement of Evanston.

## FIFTH DEFENSE

The Counterclaim is barred pursuant to D.C. Code § 31-4314 as a result of the Counterclaim Plaintiffs' false statements to Evanston.

## SIXTH DEFENSE

The Counterclaim is barred by Counterclaim Plaintiffs' negligent misrepresentations to Evanston

## SEVENTH DEFENSE

The Counterclaim is barred and/or limited by the terms, conditions, exclusions of Evanston's policy and/or policies of insurance to Counterclaim Plaintiffs.

## EIGHTH DEFENSE

The Counterclaim is barred and/or limited by Evanston's policy's and/or policies' exclusions for prior acts.

85653.1

**NINTH DEFENSE**

The Counterclaim is barred and/or limited by Evanston's policy's and/or policies' exclusions for prior knowledge.

**TENTH DEFENSE**

The Counterclaim is barred and/or limited by Evanston's policy's and/or policies' exclusions for apportionment of damages.

**ELEVENTH DEFENSE**

The Counterclaim is barred because the Evanston policy and/or policies are not applicable to the underlying claims.

**TWELFTH DEFENSE**

The Counterclaim is barred because Counterclaim Plaintiff Mauricio Celis does not qualify as an insured and because Counterclaim Plaintiff CGT does not qualify as an insured for liability it incurs arising out of legal advise or services provided on behalf of CGT by Mr. Celis.

**THIRTEENTH DEFENSE**

The Counterclaim is barred because the damages sought in the underlying claims are not insured under the Evanston policy and/or policies.

**FOURTEENTH DEFENSE**

The Counterclaim is barred because the Counterclaim Plaintiffs have been and/or will continue to be unjustly enriched by the benefits of the Evanston policy and/or policies.

**FIFTEENTH DEFENSE**

The Counterclaim is barred by the Counterclaim Plaintiffs' illegal, fraudulent, criminal, or otherwise wrongful acts.

85653.1

## SIXTEENTH DEFENSE

The Counterclaim is barred by the equitable doctrines of waiver, unclean hands, estoppel, and acquiescence.

## SEVENTEENTH DEFENSE

The Counterclaim is barred by the Counterclaim Plaintiffs' material breaches of their contractual and common-law obligations to Evanston

## EIGHTEENTH DEFENSE

The Counterclaim is barred by Counterclaim Plaintiffs' failure to mitigate damages

## NINETEENTH DEFENSE

To the extent that the Counterclaim Plaintiffs sustained damages for which they seek relief, all such damages were actually caused by Counterclaim Plaintiffs' acts and/or omissions and/or the acts and omissions of their agents, representatives, and/or employees.

## TWENTIETH DEFENSE

Evanston reserves the right to supplement this Answer with additional defenses during the litigation of this case.

WHEREFORE, the Counterclaim Plaintiffs' Counterclaim having been fully answered, Evanston Insurance Company respectfully requests the Counterclaim be dismissed with prejudice, with costs awarded to Evanston Insurance Company and such further relief as this Court deems just and appropriate.

85653.1

                Respectfully submitted,

By: */S/ William G. Gandy*
     William Gandy (Bar No. 491153)
     Jason R. Waters (Bar No. 491066)
     Wilson, Elser, Moskowitz, Edelman & Dicker LLP
     8444 Westpark Drive, Suite 510
     McLean, Virginia 22102
     Phone: 703-245-9300
     Fax: 703-245-9301
     E-mail: william.gandy@wilsonelser.com

     ATTORNEYS FOR PLAINTIFF
     EVANSTON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Grounds of Defense to Counterclaim Plaintiffs' Counterclaim was electronically filed and served this 4th day of March, 2008, on:

>Philip H. Hecht
>KIRKPATRICK & LOCKHART PRESTON
>GATES ELLIS LLP
>1601 K Street, N.W.
>Washington, D.C. 20006
>Tel: 202-778-9000
>Fax: 202-778-9100
>Email: Philip.Hecht@klgates.com

>/S/ William G. Gandy_____
>William G. Gandy, Esq.

85653.1