UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, )( <br> )( <br> Plaintiff, )( <br> v. )( <br> )( <br> CGT Law Group International, LLP, )( <br> Mauricio Celis; )( <br> T. Christopher Pinedo; )( <br> Douglas R. Gwyther; )( <br> Raul Tapia; )( <br> James Hada; and )( <br> Thomas Guajardo, )( <br> )( <br> Defendants. )( <br> _____)( | CIVIL ACTION <br><br> No: 1:07-CV-02252 RWR |

RECEIVED
MAR 0 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### THOMAS GUAJARDO'S ORIGINAL ANSWER

To The Honorable Judge Richard W. Roberts:

NOW COMES, THOMAS GUAJARDO, Defendant (Pro-Se) and files his Original Answer to Plaintiff's Complaint, as follows:

1. Defendant admits the allegations in paragraphs 1 through 7.

2. Defendant admits the allegation in paragraph 8, that he is an Arizona resident, but denies the address shown therein. The correct address is 2001 E. Campbell Avenue., #200, Phoenix, Arizona 85016.

3. Defendant denies that the Court has diversity of jurisdiction over Defendant because in order to qualify for diversity under 28 U.S.C. §1331 (a)(1) there must be complete and total diversity such is not the case here because four (4) Defendants are from Texas. There must not be any two Defendants from the same state in order for there to be total and complete diversity Therefore, this Court should dismiss the case due to lack of subject matter

1

jurisdiction.

4. Defendant is not able to admit or deny that the Court has personal jurisdiction over CGT pursuant to D.C. Code §13-422 as alleged in paragraph 10.

5. Defendant Guajardo denies paragraph 11 Stating that the Court has personal jurisdiction over Guajardo because he has not transacted any business in the District of Columbia.

6. Defendant Guajardo cannot admit or deny whether the Court has personal jurisdiction over any of the other Defendants.

7. Defendant Guajardo denies that venue is proper under 28 U.S.C. §2201 as alleged in paragraph number 13.

8. Defendant Guajardo does not have any sufficient knowledge to either admit or deny the allegations in paragraph 14 through 113.

## AFFIRMATIVE DEFENSES:

(1) The Court lacks proper jurisdiction. Jurisdiction can be alleged at any time.

(2) Defendant Guajardo denies that he was an "employee" of CGT and denies that he had knowledge of any such insurance policy or that the authorized and/or consented to any such insurance policy from Evanston Insurance Company on his behalf.

(3) Defendant Guajardo has always represented himself in all lawsuits mentioned by Plaintiff in his complaint, and therefore there are no applicable attorney's fees which would have allegedly been paid by Plaintiff pursuant to any insurance policy.

(4) Plaintiff has failed to state a Claim upon which relief can be granted as to Defendant Guajardo.

## VERIFICATION

I, THOMAS GUAJARDO, hereby state under oath that the foregoing statements by him

2

in the foregoing Original Answer are true and correct under penalty of perjury.

Date: 2/19/08      _____
                         THOMAS GUAJARDO

WHEREFORE, Premises Considered, Defendant prays that Plaintiff take nothing as to Defendant Guajardo, and for any other relief to which he may be entitled in the interest of justice.

Respectfully Submitted,

_____
Thomas Guajardo
2001 E. Campbell Rd. Suite 202
Phoenix, Arizona 85016
(602)544-0607 or (602)326-8053
Facsimile (602)957-0801

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing THOMAS GUAJARDO'S Original Answer was served upon the following on this 28 Day of February, 2008, via First Class Mail:

William Gandy, Atty for Plaintiff
Wilson Elsener
8444 Westpark Drive, #510
Mc Lean, Virginia 22102 Attrys for Evanston Insurance Co.

By: _____
       T. Anthony Guajardo

3