K&L GATES DRAFT  03/26/2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CGT LAW GROUP INTERNATIONAL LLP, et al. ) <br> ) <br> Defendants. ) | Civil Action No: 07-02252 <br> (Judge Roberts) |

**DEFENDANTS' REPLY TO EVANSTON'S OPPOSITION TO DEFENDANTS'
<u>MOTION TO STAY</u>**

Defendants CGT Law Group International LLP, Mauricio Celis ("Celis"), T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia, and James H. Hada (collectively "Defendants"),[1] by undersigned counsel, hereby respectfully submit this Reply to Evanston Insurance Company's ("Evanston") Opposition to Defendants' Motion to Stay, filed March 19, 2008 ("Opposition").

**I.   Evanston Mischaracterizes The Relationship Between This Action And The Criminal Proceedings Against Celis.**

Evanston's principal allegation in this declaratory judgment action is that Celis is not an attorney and made material misrepresentations when he claimed to be an attorney on CGT's insurance applications. The State of Texas also alleges that Celis is not an attorney in the criminal indictments pending against Celis, and that Celis made false statements when he claimed to be an attorney on business cards, letterhead, and other CGT materials. Evanston nevertheless argues that the subject matter of this action and the subject matter of the criminal proceeding against Celis are "not so similar as to justify a stay," Opposition at 6, basing its argument on the fact that the

---

[1] On March 18, 2008, undersigned counsel's motion to withdraw as counsel for Thomas A. Guajardo was granted. Mr. Guajardo will proceed *pro se* in this action.

alleged misrepresentations made by Celis on the insurance applications are different from Celis' alleged false statements at issue in the criminal proceedings. Both Evanston's action and the criminal indictments, however, require proof of the same fact—that Celis is not qualified as an attorney.

A stay is appropriate even if the specific allegations in two matters differ, so long as the central dispute requires a determination of the same facts. *See Jones v. Conte*, No. 04-CV-5312, 2005 WL 1287017 at *1 (N.D. Cal. April 19, 2005) (*citing Sec. & Exch. Comm'n v. Dresser*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). In *Jones*, a plaintiff sued the defendant for defamation, based on statements that the defendant had made about the plaintiff's use of performance-enhancing drugs. The defendant had been indicted for his role in distributing performance-enhancing drugs to athletes and others. The issues in the defamation claim, *viz.*, the defendant's statements about the plaintiff's drug use, were different from the issues in the criminal case, *viz.*, the defendant's distribution of drugs. The court nevertheless granted the stay because "the veracity of [the defendant's] statements regarding plaintiff's actions directly relate to his involvement with the distribution of performance-enhancing drugs." *Id.* at *2. Like the claims in *Jones*, the claims and defenses in Evanston's insurance coverage action directly implicate the claims and defenses in the criminal proceeding against Celis. The key factual issue in both cases is whether Celis is qualified as an attorney.

Evanston cites *Horn v. District of Columbia*, 210 F.R.D. 13, 15 (D.D.C. 2002), for the proposition that a stay is not required where there is a "mere relationship" between civil and criminal proceedings and the "prospect" that discovery in the civil case could prejudice criminal proceedings. Opposition at 6. In *Horn*, the United States (the intervening party moving for the stay) conceded that it did not have "any specifics" that would form the basis for finding the two

cases sufficiently related, *id.* at 14, and the United States acknowledged that existing discovery orders left "nearly all of the investigations beyond the realm" of discovery in the civil case. *Id.* at 16. In contrast to *Horn*, the key issue in this case – whether Celis is qualified as an attorney – is the same as the key issue in the criminal proceeding.

Evanston's argument also ignores the public policy behind granting a stay pending the resolution of parallel criminal proceedings. As Defendants explained in their opening memorandum, "the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." Memorandum of Points and Authorities in Support of Defendants' Motion to Stay, at 9 (*citing Sec. & Exch. Comm. v. Dresser*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), *cert. denied,* 449 U.S. 993 (1980)).[2] In this case, the issues about which Celis might be "compelled . . . to be a witness against himself," namely, his qualifications as an attorney, are the same issues that create exposure to Celis in the criminal case. Celis' defense of this action could provide a detailed "road map" on this issue, enabling the prosecution prematurely to develop counterarguments to Celis' defense. Evanston's position, if accepted by this Court, would weaken the protections created in *Dresser* by enabling civil and criminal suits alleging the same substantive wrongdoing to continue in tandem. *Dresser*, 628 F.2d at 1375.

---

[2] Evanston cites *Estate of Gaither ex rel. Gaither v. District of Columbia*, No. 03-CV-1458, 2005 WL 3272130 at *3 (D.D.C. Dec. 2, 2005), in arguing that stays of civil actions are appropriate only where that civil action "involves a claim arising from the same criminal offense." Opposition at 6. This is an incorrect application of the factors set forth in *Dresser* and *Gaither* – it is not required that the civil case arise from the same event as the criminal offense for the civil case to imperil a criminal defendant's rights. *Dresser*, 628 F.2d at 1375; *Gaither*, 2005 WL 3272130 at *3.

## II.    Evanston Presupposes That It Has Proven Its Case.

Evanston asserts that Celis has proven the case against himself based on his testimony that he does not have a *cedula professional*. Opposition at 7. Evanston's argument may be appropriate for a motion for judgment on the pleadings, but it has no place in an opposition to a motion to stay. *Cf. Wager v. Pro,* 575 F.2d 882 (D.C. Cir. 1976) ("The law is settled that a judgment on the pleadings is not appropriate where the complaint raises issues of fact which if proved would defeat recovery."). In their Answer, Affirmative Defenses, and Counterclaims, the Defendants deny that Celis or any other Defendant made misrepresentations about Celis' qualifications as an attorney, and they must be afforded the opportunity, through discovery in this action, to refute Evanston's allegations.

## III.    Evanston Will Not Be Prejudiced By A Stay.

Evanston argues that it will be prejudiced by a stay of this action because "Defendants may continue to be unjustly enriched, at Evanston's expense, for their defense in the tendered Texas civil cases." Opposition at 8. Evanston's argument is undercut by Counts V, VI and VII of its Complaint, in which Evanston requests "an order that the Defendants is [sic] obliged to reimburse Evanston for any and all defense costs and expenses paid by Evanston on behalf of any of the Defendants." *See, e.g.*, Complaint at ¶ 96. Evanston has not explained why it cannot equally well pursue its request for reimbursement of its costs of defense after the resolution of the criminal proceedings against Celis.

## IV.    The Balance Of Interests Favor A Stay Of This Action.

Evanston argues that the balance of "competing interests" vitiates the Defendants' argument in favor of a stay. Opposition at 5 (*quoting Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). The factors that Evanston discusses, in a selective and conclusory fashion,

in fact show that Defendants' Motion should be granted.

This Court has broad discretion to stay this action pending the resolution of the criminal proceeding. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (noting that courts can stay an action "when the interests of justice so require"); *Dresser*, 628 F.2d at 1375; *United States ex rel. Westrick v. Second Chance*, No. 04-CV-280, 2007 WL 1020808 at *2 (D.D.C. March 31, 2007) ("[t]he decision to grant or deny a motion to stay proceedings is left to the sound discretion of the court, 'in the light of the particular circumstances of the case'") (*quoting Dresser*, 628 F.2d at 1375). In addition to a defendant's Fifth Amendment concerns, courts consider various factors in evaluating a motion to stay, including "(1) the interests of the plaintiff in proceeding with the civil litigation as balanced against the prejudice to them if it is delayed; (2) the public interest in the pending civil and criminal investigation; (3) the interests of and burdens on the defendant; (4) the interest of persons not parties to the civil litigation; and (5) the convenience of the court in the management of its cases and the efficient use of judicial resources." *Gaither*, 2005 WL 3272130 at *3.

Evanston does not address directly the Fifth Amendment concerns and other substantial potential prejudice to Defendants that would result if the Court denies Defendants' Motion. Evanston argues that granting Defendants' Motion will not serve the public interest in being protected from the unauthorized practice of law. Opposition at 9. As noted above, however, Evanston's argument improperly presupposes that it has proven its case. Moreover, contrary to Evanston's assertion that a stay of this action would complicate the efforts to settle the underlying civil cases, Opposition at 9, there is no evidence that third parties would be harmed by a stay of this action. Finally, Evanston argues that permitting this case to go forward will serve the interests of judicial economy. Opposition at 9. This argument ignores the possibility

that staying this action will increase judicial economy by "streamlin[ing] discovery . . . as the transcript of the criminal trial may well resolve many of the instant discovery issues in this case." *Gaither*, 2005 WL at *4. Despite Evanston's attempt to characterize this action as one where a stay would be inappropriate, a proper balance of the relevant interests favors a stay.

## CONCLUSION

Based on the foregoing points and their Memorandum in Support of their Motion to Stay, Defendants respectfully request that the Court grant the Motion.

Respectfully submitted,

_____/s/ Philip H. Hecht_____
Philip H. Hecht (DC Bar No. 33286)
 KIRKPATRICK & LOCKHART PRESTON
 GATES ELLIS LLP
 1601 K Street, N.W.
 Washington, D.C.  20006
 Telephone:  (202) 778-9000
 Facsimile: (202) 778-9100
 E-mail: philip.hecht@klgates.com

Counsel for Defendants CGT Law Group International LLP, Mauricio Celis, T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia and James H. Hada

**CERTIFICATE OF SERVICE**

      I certify that on March 26, 2008, a copy of the foregoing Defendants' Reply to Evanston's Opposition to Defendant's Motion to Stay was filed via electronic case filing system of the United States District Court for the District of Columbia and, accordingly, that the Court will send notice of this filing electronically to:

William Gandy
Jason R. Waters
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
Phone: 703-245-9300
Fax: 703-245-9301
E-mail: william.gandy@wilsonelser.com
Attorneys for Plaintiff

      I further certify that on March 26, 2008, a copy of the foregoing Defendants' Reply to Evanston's Opposition to Defendant's Motion to Stay was filed via first class mail to:

Thomas A. Guajardo
2001 E. Campbell Ave.
Suite 202
Phoenix, AZ 85016
*Pro Se* Defendant

                /s/  Philip H. Hecht _____
                Philip H. Hecht
                KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
                1601 K Street, N.W.
                Washington, D.C.  20006
                Telephone:  (202) 778-9000
                Facsimile: (202) 778-9100
                E-mail: philip.hecht@klgates.com