**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EVANSTON INSURANCE COMPANY )
                                                    )
      Plaintiff,                        )
                                                    )     Civil Action No: 07-02252
v.                                                 )     (Judge Roberts)
                                                    )
CGT LAW GROUP INTERNATIONAL LLP, et al. )
                                                    )
      Defendants.                     )

## JOINT STATEMENT PURSUANT TO LOCAL CIVIL RULE 16.3(d)

Plaintiff Evanston Insurance Company ("Evanston"), by its undersigned counsel, and Defendants CGT Law Group International LLP ("CGT"), Mauricio Celis ("Celis"), T. Christopher Pinedo, Douglas Ray Gwyther, Raul Tapia and James H. Hada (collectively "Defendants"), by their undersigned counsel, respectfully submit this Joint Statement Pursuant to Local Rule 16.3(d) ("Order").  Counsel for the parties met and conferred on March 28, 2008, pursuant to the Court's Order for Initial Scheduling Conference dated February 27, 2008.  Counsel for Evanston met and conferred separately with Defendant Thomas A. Guajardo ("Guajardo") on March 26, 2008.

## STATEMENT OF THE CASE

CGT is a limited liability partnership organized under the law of the District of Columbia, in which Celis was a capital partner, Tapia and Gwyther were income partners, and Guajardo, Hada and Pinedo were associated attorneys.  Evanston issued two Lawyers Professional Liability Insurance Policies to CGT.  Beginning in November 2006, CGT and certain of the other Defendants were named in four civil suits in the State of Texas, which suits allege, *inter alia*, that Celis is not an attorney and that the Defendants are engaged in

89436.1

DRAFT 3/30/08

the unauthorized practice of law. Celis also is the subject of three separate indictments in the State of Texas, which indictments allege, *inter alia*, that Celis falsely held himself out as an attorney.

Evanston filed its Complaint on December 14, 2007, alleging that Defendants misrepresented Celis' qualifications as an attorney on the insurance applications for the Evanston policies. Evanston requested declaratory relief, judicial rescission of the relevant insurance policies, and reimbursement for costs and expenses paid on Defendants' behalf. The statutory basis for Evanston's claim is 28 U.S.C. §§ 1332 and 2201, *et seq.*, and D.C. Code § 31-4314. Defendants filed their Answer, Affirmative Defenses, and Counterclaim on February 13, 2008. Evanston filed its answer to Defendants' counterclaim on March 4, 2008.

Defendant Guajardo answered Evanston's Complaint on March 3, 2008. Counsel for the Defendants filed a Motion to Withdraw Appearance as to Guajardo on March 6, 2008, and the Court granted the motion on March 18, 2008.

Defendants filed a Motion to Stay this action on March 3, 2008, pending the resolution of the criminal indictments against Celis. Evanston filed an Opposition to the Motion on March 19, 2008. Defendants filed their reply on March 26, 2008.

<u>**LOCAL CIVIL RULE 16.3 ISSUES**</u>

Pursuant to LCvR 16.3 and this Court's initial order, counsel for the parties discussed the following issues during the March 28, 2008, conference:

(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

> **<u>RESPONSE</u>: The parties believe that this case may be disposed, either in whole or in part, by dispositive motion.**

DRAFT 3/30/08

(2)    The date by which any other parties shall be joined or the pleadings amended, and

whether some or all the factual and legal issues can be agreed upon or narrowed.

> **RESPONSE:  The parties agree that scheduling depends on the disposition of Defendants' motion to stay.  If the Court grants the motion, the parties agree that pleadings should be amended no later than 30 days after entry of an order lifting the stay.  If the Court denies the motion, the parties agree that pleadings should be amended and new parties should be added no later than 30 days after entry of the order denying the motion.**

(3)    Whether the case should be assigned to a magistrate judge for all purposes,

including trial.

> **RESPONSE:  The parties do not consent to disposition by a magistrate.**

(4)    Whether there is a realistic possibility of settling the case.

> **RESPONSE:  Defendant Guajardo, in his meeting with counsel for Evanston, agreed that he will not contest coverage, and Evanston plans to file a consent motion for judgment to be entered with respect to that Defendant. The parties are also discussing whether a similar resolution of this claim may be possible for Defendant Hada. Otherwise, the parties believe that this case is not likely to be resolved through settlement.**

(5)    Whether the case could benefit from the Court's alternative dispute resolution

(ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate

such ADR; and whether counsel have discussed ADR and their response to this provision with

their clients. In assessing the above, counsel shall consider: (i) the client's goals in bringing or

defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they

did not produce an agreement (iii) the point during the litigation when ADR would be most

appropriate, with special consideration given to: (aa) whether ADR should take place after the

informal exchange or production through discovery of specific items of information; and (bb)

whether ADR should take place before or after the judicial resolution of key legal issues; (iv)

DRAFT 3/30/08

whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

>**RESPONSE: The parties do not believe ADR, mediation, or neutral evaluation would facilitate a resolution of the coverage issues presented in this case.**

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

>**RESPONSE: The parties agree that scheduling depends on the disposition of Defendants' motion to stay. Nevertheless, due to the number of witnesses, related cases, and the nature of the issues involved, the parties agree that the Complex Case schedule in Appendix I of the Court's Order should apply to this action. The parties further agree that the schedule should take effect upon entry of an order denying Defendants' motion to stay, or if the stay is granted, upon entry of an order lifting the stay.**

>**Although the parties may stipulate to certain facts in order to facilitate early dispositive motions, the parties agree that a deadline for filing dispositive motions will be 30 days after close of discovery. Oppositions will be filed 11 days after the filing date of the dispositive motion, and replies will be filed 11 days after the filing date of the opposition. The parties further agree that they will have, in addition to the 11-day opposition and reply periods, the three days for electronic service, as provided in Fed. R. Civ. P. 6(d).**

(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

>**RESPONSE: The parties do not stipulate to dispense with initial disclosures or to make any changes in scope, form, or timing of such disclosures.**

89436.1

DRAFT 3/30/08

(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

> **RESPONSE: The parties agree that the Complex Case schedule in Appendix I of the Court's Order should apply to this action for the reasons stated above. The parties further agree that the schedule should take effect upon entry of an order denying Defendants' motion to stay, or if the stay is granted, upon entry of an order lifting the stay.**

(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

> **RESPONSE: The parties do not believe that the requirement of exchanging expert reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified. The parties agree that expert depositions should be taken pursuant to the Complex Case schedule in Appendix I of the Court's Order.**

(10)     In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

> **RESPONSE: This case does not involve a class or a potential motion to certify a class. As such, the parties agree that this item is not applicable.**

(11)     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

> **RESPONSE: The parties do not believe that trial and/or discovery should be bifurcated.**

DRAFT 3/30/08

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

> **RESPONSE:  The parties agree that the pretrial conference should be conducted 30 days after the Court issues a decision on the parties' dispositive motions.**

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

> **RESPONSE:  The parties request the Court to set a trial date at the pretrial conference.**

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

> **RESPONSE:  Additional items for the Court's consideration include Evanston's plan to file a consent motion for a judgment against Defendant Guajardo, and a consent motion to pay Defendants' premiums into Court pursuant to Fed. R. Civ. P. 67.**

## CONCLUSION

Based on the foregoing, the parties respectfully request this Court to issue a scheduling and case management order consistent with this Joint Statement.

/s/ Philip H. Hecht
Philip H. Hecht (DC Bar No. 33286)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, D.C.  20006
Telephone:  (202) 778-9000
Facsimile: (202) 778-9100
E-mail:philip.hecht@klgates.com

*Counsel for all Defendants except Thomas A. Guajardo*

/s/ William Gandy
William Gandy (DC Bar No. 491153)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
Phone: 703-245-9300
Fax: 703-245-9301
E-mail:william.gandy@wilsonelser.com

*Counsel for Plaintiff*

89436.1

DRAFT 3/30/08

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed and served this 31st day of March, 2008, on:

> Philip H. Hecht
> KIRKPATRICK & LOCKHART PRESTON
> GATES ELLIS LLP
> 1601 K Street, N.W.
> Washington, D.C. 20006
> Tel: 202-778-9000
> Fax: 202-778-9100
> Email: Philip.Hecht@klgates.com

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail this 31st day of March, 2008, on:

> Thomas Guajardo, *Pro Se*
> 2001 E. Campbell Road, Suite 202
> Phoenix, AZ 85016

> */S/ William G. Gandy*_____
> William G. Gandy, Esq.

89436.1